NOT FOR PUBLICATION  (Document No. 47)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JOSEPH MEEHAN, | |
| Plaintiff, | Civil No. 12-4079 (RBK/KMW) |
| v. | **OPINION** |
| ERIC TAYLOR, CHRIS FOSCHINI; KENNETH SWEETEN; MELANIE JULIE; CAMDEN COUNTY CORRECTIONAL FACILITY; STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS; THE UNITED STATES OF AMERICA; CAMDEN COUNTY; JOHN DOES I-V; and JANE DOES I-V, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the United States of America's ("Defendant") motion to dismiss Joseph Meehan's ("Plaintiff") Amended Complaint for lack of subject matter jurisdiction (Doc. No. 47). See Fed. R. Civ. P. 12(b)(1). For the reasons discussed below, the Court will grant Defendant's motion. It will dismiss Plaintiff's FTCA claim without prejudice and will dismiss all other counts in Plaintiff's Complaint with prejudice.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff brought suit against the United States Marshals Service ("USMS") on July 2, 2012. His Amended Complaint alleges that on February 17, 2011, unnamed USMS agents, in the course of arresting Plaintiff, kicked his crutches out from his arms and stomped on his

1

previously injured left foot. Am. Compl. ¶¶ 17-20. He sought relief on numerous grounds: Counts I and II assert claims directly under the New Jersey Constitution and the United States Constitution, respectively; Counts III-VI are common law claims for negligence, negligent supervision, and recklessness/gross negligence; Counts VII and VIII advance claims under 42 U.S.C. §§ 1983 and 1985; and, finally, Count IX alleges a cause of action under the Federal Tort Claims Act ("FTCA"). Am. Compl. ¶¶ 43-74.

Because the procedural history of this case figures prominently in the legal issues presented in Defendant's motion, it is necessary to recount it here in some detail. On February 17, 2011, Plaintiff sustained his alleged injuries, thereby marking the accrual of his cause of action. Am. Compl. ¶¶ 17-20. On August 25, 2011 Plaintiff submitted an administrative claim to the USMS, which provided the agency with written notice of his alleged injury, but did not include a so-called "sum certain" in damages. Def.'s Br. in Support of Mot. to Dismiss, Exh. 1. The USMS responded on September 9, 2011 with a letter to Plaintiff's counsel informing him that the administrative claim was deficient for failure to state a sum certain as required under the FTCA. Id., Exh. 2. On January 5, 2012, in an apparent effort to cure the defect, Plaintiff's attorney sent a letter to the USMS enclosing records of medical treatment Plaintiff received at Camden County Correctional Facility in response to the injures he allegedly suffered from the USMS officers. Id., Exh. 3. Notably, the letter did not indicate a sum certain, nor did the accompanying records quantify any of Plaintiff's medical expenses. Id. On February 28, 2012, citing the fact that Plaintiff had failed to provide a sum certain, the USMS issued a final denial notice of his administrative claim. Id., Exh. 4. After receiving the notice of denial, Plaintiff filed suit against the USMS in federal district court on July 2, 2012. See Def's Br. in Support of Mot. to Dismiss. On December 20, 2012, Plaintiff amended his complaint to substitute the United

States as a defendant instead of the USMS.  Id.  That same day, he also submitted an "Amended Administrative Tort Claim" to the USMS.  Id.  This Amended Claim was identical to his original one, except that it finally did include a sum certain of $500,000 in damages.  Pl.'s Opp. Br., Exh. B.  In response, Defendant filed the instant motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).

In its moving papers, Defendant advances two principal arguments in support of dismissing Plaintiff's FTCA claims.[1]  First, Defendant argues that Plaintiff's failure to comply with the FTCA's jurisdictional requirements, including pleading a "sum certain" in damages, set forth in 28 U.S.C. § 2675 (2006) prohibits the Court from exercising subject matter jurisdiction over his FTCA claim.  Def.'s Br. in Support of Mot. to Dismiss 9-13.  Second, Defendant argues

---

[1] The Court finds that Plaintiff's claims under the New Jersey and United States Constitutions, as well as his claims under 42 U.S.C. §§ 1983, 1985 must be dismissed for lack of subject matter jurisdiction.  Plaintiff has not opposed the United States' motion to dismiss these claims.

First, it is well established that the United States cannot be sued for claims arising under 42 U.S.C. § 1983 or 42 U.S.C. § 1985; these causes of action only to the conduct of "persons" and the United States does not fall within this category for purposes of these provisions.  Hindes v. F.D.I.C., 137 F.3d 148, 158-59 (3d Cir. 1998); Accardi v. United States, 435 F.2d 1239 (3d Cir. 1970); Dye v. United States, 516 F. Supp. 2d 61, 71 (D.D.C. 2007).

Furthermore, Plaintiff's claims arising directly under the New Jersey and United States constitutions are deficient because Congress has not created a waiver of sovereign immunity for such causes of action.  F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994) ("[T]he United States has simply not rendered itself liable under § 1346(b) for constitutional tort claims."); see also Schwaner v. USCG Headquarters, 588 F. Supp. 2d 49, 50-51 (D.D.C. 2008); Brown v. Potter, No. 08–5461, 2009 WL 2225590 at *5 (D.N.J. July 22, 2009) ("In the absence of such a waiver of [sovereign] immunity, [a plaintiff] cannot proceed in an action for damages against the United States… for alleged deprivation of a constitutional right.").  Accordingly, the Court will grant Defendant's motion to dismiss Counts I, II, VII, and VIII of Plaintiff's Amended Complaint.

Finally, Plaintiff's common law tort claims under Counts III – VI must also be dismissed.  The FTCA provides the sole means by which a claimant may recover "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the [federal] Government while acting within the scope of his office or employment."  28 U.S.C. § 2679 (2006).  Consequently, Plaintiff is barred from asserting common law tort claims against either the United States or the individual USMS employees.  See id.

For the foregoing reasons, it is clear that Counts I-VIII cannot proceed against Defendant United States.  Further, given that the principal basis for dismissing these causes of action against this particular defendant is that they are either barred by sovereign immunity or precluded as a matter of law, it is likewise apparent that adding additional allegations in an amended pleading in an attempt to revive them would be futile.  Thus, the Court will order that Counts I-VIII be dismissed against Defendant United States with prejudice.

3

that Plaintiff's untimely attempt to submit an amended administrative tort claim to the USMS cannot cure the jurisdictional defects of his initial claim.  Def.'s Reply Br. 1-14.

Plaintiff sets forth two arguments in response.  First, he asserts that his claim was timely amended within the two year statute of limitations required under the FTCA and that this amended claim filed with the USMS on December 20, 2012 effectively "cures" the defects of his original administrative claim.  Pl's Opp. Br. 2-4.  In the alternative, Plaintiff argues that even if his amended claim cannot relate back to the first administrative claim, his original claim nonetheless satisfies the sum certain requirement because the medical records he sent to the USMS on January 5, 2012 "allowed the federal agency to place a reasonable estimate on the claim's potential value."  Id. at 4-6.

## II.     STANDARD OF REVIEW

A motion to dismiss under Federal Rule 12(b)(1) can take the form of either a facial or a factual attack on the Court's subject matter jurisdiction over a particular claim.  A factual attack arises where, as here, the defendant has filed an answer to the plaintiff's complaint.  See Mortensen v. First Fed. Saving and Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977).  Unlike a facial challenge to subject matter jurisdiction, which concerns mere "pleading deficienc[ies]," a factual attack "concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'"  CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008) (quoting United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir.2007)) (modifications in original).  Thus, the Court may consider materials and exhibits outside of the complaint to determine whether it has subject matter jurisdiction over the action before it.  CNA, 535 F.3d at 139; Mortensen, 549 F.2d at 891.  As a consequence, the plaintiff's allegations enjoy

no presumption of truthfulness, and he bears the burden of establishing jurisdiction.  CNA, 535 F.3d at 139; Mortensen, 549 F.2d at 891.

### III.     DISCUSSION

It is a bedrock principle of our system of government that "'[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . .'"  United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Congress gave such consent in 1946 when it passed the FTCA.  The Act provides a limited waiver of the United States' sovereign immunity by allowing for the award of money damages against the United States for injury or loss of property caused by the negligent or wrongful acts or omissions of federal officers acting in their official capacity.  See generally, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680 (2006); United States v. Deutsch, 67 F.3d 1080, 1091 (3d Cir. 1995).

In order for a district court to exercise subject matter jurisdiction over a suit brought under the FTCA, the party asserting the claim must comport with the Act's strict procedural requirements.  White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457-58 (3d Cir. 2010); Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003); Tucker v. U.S. Postal Serv., 676 F.2d 954, 959 (3d Cir. 1982).  Among other things, before filing suit, a claimant must completely exhaust his administrative remedies.  McNeil v. United States, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").  In this case, exhaustion of remedies involves properly presenting an administrative claim to the relevant federal agency; a claimant may not then institute suit in federal court until he receives a final denial of his administrative claim.  Id. at 111 (interpreting 28 U.S.C. § 2401(b)).  If suit is brought against the

United States prior to final agency denial of an FTCA claim, the suit must be dismissed as prematurely filed.  Id. at 113.

In addition, a claimant must comply with the FTCA's clear timing limitations both for filing an administrative claim with the appropriate agency and for filing an FTCA suit in federal court if agency attempts to settle his claim prove unsuccessful.  See 28 U.S.C. § 2401(b).  A claim must be presented to the appropriate agency within two years of the accrual of the claimant's cause of action.  See 28 U.S.C. §2675(a); White-Squire, 592 F.3d at 457.  The agency then has a six-month period within which to settle or deny the claim.  See 28 U.S.C. § 2675(a).  If the agency denies the claim, a claimant then has six months from receiving notice of final denial to bring suit in federal court.  28 U.S.C. § 2401(b).  Failure to comply with either the two-year window to submit an administrative claim or the six-month period to file suit renders a claimant's cause of action "forever barred."  See Seiss v. U.S., 792 F. Supp. 2d 729, 732 (D.N.J. 2011) (interpreting 28 U.S.C. § 2401(b)).

### A.     Proper Presentment to the Agency

As stated above, a plaintiff's obligation to properly present his claim to an administrative agency prior to filing suit against the United States is a prerequisite of a federal district court's exercising subject matter jurisdiction over a subsequently initiated FTCA suit.  This requirement cannot be waived by either party.  Medina v. City of Philadelphia, 219 F. App'x 169, 171-72 (3d Cir. 2007); Deutsch, 67 F.3d at 1091; see Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).  Proper presentment involves first providing the agency with written notice of the claim sufficient to allow the agency to investigate it and second submitting a "definite amount" of damages in a "sum certain."  See White-Squire, 592 F.3d at 457; Tucker, 676 F.2d at 959 (interpreting 28 U.S.C. § 2675).  The plaintiff bears the burden of demonstrating that his

6

administrative claim was properly presented.  See Hoffenberg v. United States, 504 F. App'x 81 (3d Cir. 2012) (citing Livera v. First Nat. State Bank of N.J., 879 F.2d 1186, 1195 (3d Cir. 1989)).

Because Congress maintains an interest in expediting the settlement of claims in order to avoid costly litigation and provide a swift means of redress to injured claimants, the "sum certain" requirement functions primarily to give administrative agencies an understanding of a claim's value, which is necessary to determine whether or not the claim may be settled and how the agency may obtain the funds to do so.  See White-Squire, 592 F.3d at 459; Biowalas v. United States, 443 F.2d 1047, 1050 (3d Cir. 1971).  Although there is no one particular way to articulate a "sum certain," a claimant must at least present information from which an agency may directly infer or compute the total value of a claimant's damages.  Jama v. U.S. I.N.S., 22 F.Supp.2d 353, 367 (D.N.J. 1998); cf. Weiner v. Garone, No. 08-2365, 2009 WL 1795799 at *2-4 (D.N.J. June 23, 2009) (holding that the submission of medical records and a ledger of insurance payments to the Secret Service was insufficient to satisfy the "sum certain" requirement because it failed to provide minimal notice of the value of the plaintiff's claim).  In personal injury cases, the fact that a precise quantification of the medical expenses incurred by a plaintiff is not readily obtainable does not obviate the requirement to provide a "sum certain" to the administrative agency.  See White-Squire, 592 F.3d at 458-59.

**B.      Consequences of Agency Denial of an Improperly Presented Claim**

Denial of an administrative claim that was not properly presented does not constitute a "final denial" within the meaning of § 2401(b). Fraley v. United States, No. 308-00016, 2009 WL 2579199, at *13 (W.D. Pa. Aug. 20, 2009); Furman v. U.S. Postal Serv., 349 F. Supp. 2d 553, 558 (E.D.N.Y. 2004); Romulus v. United States, 983 F. Supp. 336, 343 (E.D.N.Y. 1997)

7

aff'd, 160 F.3d 131 (2d Cir. 1998).  Because an improperly presented claim precludes the opportunity for meaningful agency assessment, the practical effect is that no claim is considered to have been filed with the agency at all.  Kokotis v. U.S. Postal Serv., 223 F.3d 275, 280 (4th Cir. 2000); see Fraley, 2009 WL 2579199, at *11.  Thus, if a plaintiff's administrative claim fails to include either facts sufficient to allow the agency to properly investigate the claim or a "sum certain" in damages, the agency's denial of such a defective claim will not trigger § 2401(b)'s six month statute of limitations.  See Romulus, 983 F. Supp. at 343 (holding that agency denial due to improper presentment should not be construed as a "final denial" because such a holding would give plaintiffs a "pass" into federal court while foreclosing the agency from evaluating the merits of the claim); see also Fraley, 2009 WL 2579199 at *13.  As a consequence, if a claimant's administrative claim is denied by the appropriate agency for failure to state a sum certain, then his claim will not be "forever barred" simply because he fails to file a FTCA action in federal court within six months of denial.  Instead, the original claim will be considered a nullity; this means that, in order to preserve his cause of action, a claimant must properly present an administrative claim to the appropriate agency within the two year statute of limitations period.  See generally Fraley, 2009 WL 2579199 (finding that the plaintiff fully exhausted administrative remedies when he submitted a properly presented claim to the federal agency within two years of his cause of action, despite filing an improper claim at the outset).

**IV.    ANALYSIS**

**A.     Plaintiff's First Administrative Tort Claim Was Not Properly Presented**

In this case, the Court cannot exercise subject matter jurisdiction over Plaintiff's suit because his failure to present a proper claim to the USMS before filing an action in federal court constitutes a failure to exhaust administrative remedies.  See 28 U.S.C. §2675(a); White-Squire,

592 F.3d at 457. Specifically, Plaintiff failed to include a sum certain with his original claim submitted to the USMS. As such, Plaintiff's first claim did not provide the minimal notice required by 28 U.S.C. § 2675 for effective agency assessment. See Jama, 22 F.Supp.2d at 367 ("A claim to which a request for damages in a sum certain has not been attached is not deemed presented, and jurisdiction cannot be based upon it."). This defect prevents the Court from exercising subject matter jurisdiction over Plaintiff's current suit and compels the dismissal of this action.[2] See White-Squire, 592 F.3d at 457-58; Tucker, 676 F.2d at 959.

Further, Plaintiff's submitted medical records, devoid of any monetary data, cannot act to fulfill the sum certain requirement. See Weiner, 2009 WL 1795799 at *2-3; see also White-Squire, 592 F.3d at 457 (interpreting 28 U.S.C. § 2675(b) as requiring a sum for a definite amount). A claim must be presented with at least some "information…from which a specific amount could be computed." Jama, 22 F. Supp. 2d at 367 (quoting Biowalas v. U.S., 443 F.2d at 1049). Plaintiff's medical records supply no indication of his medical expenses; thus, there is nothing from which the agency could have directly inferred or computed his total amount of damages. See id. As such, Plaintiff failed to properly present his claim as required under the FTCA. See White-Squire, 592 F.3d at 457.

Plaintiff's situation is distinguishable from cases cited in his opposition brief in which courts have accepted alternative means of providing a "sum certain" to administrative agencies.

---

[2]Plaintiff's "Amended Administrative Tort Claim" which he filed on December 20, 2012 does not cure the jurisdictional defects of his initial claim because his amended claim was not made in compliance with the relevant regulations governing amendment of administrative claims. *See* 28 C.F.R. § 14.2(c) (2013). This regulation states that "[a] claim . . . may be amended by the claimant at any time *prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a)*." 28 C.F.R. § 14.2(c) (emphasis added).

Here, Plaintiff's claim was not amended within these time constraints. Plaintiff received notice of the USMS's denial of his claim on February 28, 2012 and he filed suit against the USMS under 28 U.S.C. § 2675(a) on July 2, 2012. It was not until December 20, 2012 that Plaintiff decided to submit an amended claim to the USMS, nearly ten months after the USMS sent notice of final denial and five months after initiating suit in federal court. Thus, his second claim cannot be regarded as an amendment of his original one.

See Thompson v. United States, 749 F.Supp. 299, 300 (D.D.C. 1990); Molinar v. United States, 515 F.2d 246 (5th Cir. 1975). In Thompson, the court denied the government's motion to dismiss the plaintiff's FTCA claim because the plaintiff had timely filed an administrative claim with the agency and provided a monetary estimate of his current damages by attaching his medical bills; in that case, those bills allowed the agency to compute the plaintiff's sum certain. See 749 F.Supp. at 300; see also Molinar, 515 F.2d at 247, 249 (allowing medical bills and auto repair estimates attached to plaintiff's claim to constitute a sum certain where they could be totaled to arrive at a final sum). Unlike the plaintiffs in Thompson or Molinar, Plaintiff's submission of medical records failed to place any sort of value on the medical expenses he incurred and were therefore wholly deficient in providing the agency with the minimal notice necessary for assessing the value of his claim. See Weiner, 2009 WL 1795799, at *2-4. Thus, because he never asserted a sum certain in damages, Plaintiff never properly presented his claim to the federal agency, and thereby failed to exhaust his administrative remedies before bringing suit in this Court. See McNeil, 508 U.S. at 112. The Court must therefore dismiss his FTCA claim.

**B.     Consequences of Plaintiff Filing a Second Administrative Tort Claim**

Although Plaintiff validly presented a second administrative tort claim to the USMS before the applicable two-year statute of limitations had run, this claim cannot confer jurisdiction over his present suit. See McNeil, 508 U.S. at 113. Plaintiff submitted this second administrative claim to the USMS well after he filed the present FTCA suit and thus this suit must be dismissed as premature. See id. (dismissing as untimely an action brought against the United States prior to the complete exhaustion of administrative remedies).

Defendant argues that Plaintiff's second administrative tort claim is invalid as duplicative of his first claim. Def.s' Reply Br., 1-14. This argument might have merit if Plaintiff's initial FTCA claim were validly presented to the USMS. See, e.g., Román-Cancel v. United States, 613 F.3d 37 (1st Cir. 2010). However, the authority Defendant relies upon to establish this invalidity is distinguishable from the present case.[3] As stated above, Plaintiff's initial FTCA claim failed to provide the minimal notice required for meaningful agency assessment because it lacked a sum certain in damages. See White-Squire, 592 F.3d at 459. The result of such improper presentment is that, in effect, no claim is considered to have been filed. See Kokotis, 223 F.3d at 280. Thus, Plaintiff's second FTCA claim cannot be regarded as duplicative because it is the first validly presented claim that the agency has been able to consider. See id.; cf. Román-Cancel, 613 F.3d at 40-42 (finding plaintiff's second FTCA claim as a nullity where agency had already denied plaintiff's first validly submitted claim on the merits).[4]

---

[3] None of the cases that Defendant relies upon deals with the present situation in which an initial administrative claim is presented to a federal agency, deemed defective, and subsequently rejected on that basis. These cases instead involve the denial of a *validly* presented administrative claim and a plaintiff's subsequent attempt to expand the timeframe for bringing suit after failing to file an FTCA complaint in federal court within the six-month period for doing so. Plaintiffs in these cases filed a duplicative claim with the agency and then attempted to use the filing of this second claim as a means to "reset" the date for which they could bring suit in federal court, a strategy that the reviewing courts firmly rejected. See Román-Cancel, 613 F.3d 37; Willis v. United States, 719 F.2d 608 (2d Cir. 1983); Curry v. United States Postal Service, No. 06-802, 2007 WL 1470137 (D.N.J. May 17, 2007). Because there is an important distinction between administrative claims denied on their merits and those denied out of hand for improper presentment, these cases are not controlling of the instant matter.

[4] Although not squarely before the Court, the United States in its moving papers seems strongly to suggest that Plaintiff's FTCA claim should be "forever barred." This contention, however, is premised on the erroneous notion that Plaintiff's second administrative claim is invalid as duplicative and that his first claim had already been "finally denied" by the agency. Yet, as has already been noted, there is a distinction between claims denied on their merits and claims denied for procedural defects. As a consequence, the USMS's denial of Plaintiff's initial FTCA claim should not be construed as a "final denial" under the purview of § 2401(b) because that claim was improperly presented. See Furman, 349 F. Supp. 2d at 558; Romulus, 983 F. Supp. at 343 aff'd, 160 F.3d 131 (2d Cir. 1998). To regard this denial as a "final denial" under § 2401(b) would have the consequence of allowing plaintiffs to submit an incomplete tort claim to federal agencies and use the inevitable denial as a "pass" into federal court. See Furman, 349 F. Supp. 2d at 558; Romulus, 983 F. Supp at 343. Such a result would undermine Congressional intent underlying the FTCA of expediting the settlement of tort claims against the United States while avoiding costly litigation. See White-Squire, 592 F.3d at 459. Accordingly, the denial of Plaintiff's first improperly presented FTCA claim cannot "act as a trigger for § 2401(b)'s six month clock," and Plaintiff's second administrative tort claim cannot simply be dismissed as duplicative. See Fraley, 2009 WL 2579199; see also Furman, 349 F. Supp. 2d at 558; Romulus, 983 F. Supp. at 343.

Thus, although the Court must dismiss the current suit as prematurely filed, Plaintiff will retain the right to bring suit in the future (if he so chooses) should the USMS deny his amended administrative claim.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction shall be granted. Plaintiff's FTCA claim will be dismissed without prejudice while Plaintiff's remaining claims will be dismissed with prejudice.  An appropriate order shall issue today.


Dated:    8/26/2013                                                     /s/ Robert B. Kulger              
                                                                                ROBERT B. KUGLER
                                                                                United States District Judge